FILED
9/17/2020 2:35 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020L009971

ATTORNEY No. 31908
GDG:mac

FILED DATE: 9/17/2020 2:35 PM   2020L009971

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| SOULA LIARAKOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| COSTCO WHOLESALE, INC., a foreign corp.,) | | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AT LAW

The party who brings this action is Plaintiff, SOULA LIARAKOS.

The party complained of is Defendant, COSTCO WHOLESALE, INC., a foreign corp.

### COUNT I
### (Premises Liability)

Plaintiff, SOULA LIARAKOS, by her attorneys, complaining against Defendant, COSTCO WHOLESALE, INC., a foreign corp., *pleading in the alternative*, alleges and states as follows:

1.      At all times complained of herein, Plaintiff resided in Chicago, Cook County and State of Illinois.

2.      At all times complained of herein, Defendant was a foreign corporation permitted to do business in the State of Illinois and County of Cook.

3.      On or about September 21, 2018, Defendant owned, possessed, operated, managed, maintained and controlled certain property, premises and specifically a parking lot in the City of Melrose Park, County of Cook and State of Illinois.

4.      In particular, Defendant owned, possessed, managed, maintained and controlled a certain parking lot ("parking lot") located at 8400 WEST NORTH AVENUE, MELROSE PARK, IL.

EXHIBIT A

FILED DATE: 9/17/2020 2:35 PM    2020L009971

5.    At all times complained of herein, Defendant invited the public, including Plaintiff, to park their motor vehicles in the parking lot and allow and permit the public to thereafter walk to and from their parked motor vehicle to its premises and property.

6.    That prior to the above date, Defendant, by and through its duly authorized officers, employees, agents and representatives, controlled, managed and maintained the parking lot in the aforesaid city, county and state.

7.    That prior to the above date, Defendant, by and through its duly authorized officers, employees, agents and representatives were present on the parking lot, picking up garbage, observing the vehicles parked there, inspecting the parking lot, cleaning the parking lot and further controlling, maintaining and repairing the walkways, the parking lot and the premises owned and controlled by Defendant.

8.    That as a result of Defendant's presence, its inspection of the parking lot and its premises, its maintenance workers and crews traveling on and near the parking lot, Defendant, knew, or in the exercise of ordinary care, should have known that the parking lot was in a dangerous and defective condition.

9.    In particular, Defendant knew or should have known that there was a hole in the parking lot and that hole was a hazard.

10.    That prior to the aforesaid date, Defendant, knew, or in the exercise of ordinary care, should have known that pedestrians walking along and upon said parking lot would not have their attention directed toward a hole in the parking lot, and that said hole was thereat and therein a hazard to pedestrians lawfully walking thereon.

11.    That on the aforesaid date and place, Plaintiff was lawfully walking along and upon the parking lot.

12.    At all times complained of herein, Plaintiff was in the exercise of due care and caution for her own safety and for the safety of others.

13.    Defendant, by either creating the hole or allowing the hole to deteriorate to the condition as described and identified herein, had actual or constructive notice of the dangerous and defective condition in its parking lot

14.    At all times complained of herein, while Plaintiff was walking along and upon the Parking lot, she was caused to trip and fall due to the hole in the parking lot.

15.    At all times complained of herein, the hole in the parking lot is a condition that existed prior to all times complained of herein for a sufficient period of time so as to have been discovered by Defendant had Defendant exercised due care in the ownership, possession, control, management and maintenance of its property.

FILED DATE: 9/17/2020 2:35 PM   2020L009971

16.     At all times complained of herein, Defendant had a duty to exercise ordinary care and caution in the ownership, possession, control, management and maintenance of its property, including the parking lot described and identified herein.

17.     Notwithstanding its duty as aforesaid, Defendant was then and there guilty of one or more of the following negligent acts or omissions to act:

a.     Negligently failed to properly inspect the parking lot;

b.     Negligently owned, operated, managed, maintained, and controlled its premises;

c.     Negligently failed to provide a warning of the hole in the parking lot which constituted a dangerous and defective condition on said premises - so as to avoid exposing pedestrians to a hazard

d.     Negligently failed to cure and repair said hole so as to avoid exposing pedestrians to a hazard;

e.     Negligently failed to examine and supervise its premises when it knew or in the exercise of ordinary care should have known that the premises were dangerous and defective;

f.     Negligently failed to guard against exposing pedestrians lawfully present of the hole in the parking lot; and

g.     was otherwise negligent in its ownership, control, maintenance and management of the parking lot described and identified herein.

18.     That as a direct and proximate result of one or more of the aforementioned negligent acts or omissions on the part of Defendant, Plaintiff tripped and fell due to the hole in the parking lot.

19.     That as a further direct and proximate result of one or more of the aforementioned negligent acts or omissions on the part of Defendant, Plaintiff was permanently injured, sustained pain and suffering, both past and future, lost wages and other diminution in value of services, loss a normal life, both past and future, all resulting in economic and non-economic damages to Plaintiff.

WHEREFORE, Plaintiff, SOULA LIARAKOS, by her attorneys, hereby demands judgment in her favor and against Defendant, COSTCO WHOLESALE, INC., a foreign corp., in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus the costs of bringing this action.

FILED DATE: 9/17/2020 2:35 PM    2020L009971

## COUNT II
### (Negligence)

Plaintiff, SOULA LIARAKOS, by her attorneys, complaining against Defendant, COSTCO WHOLESALE, INC., a foreign corp., pleading in the alternative, alleges and states as follows:

1.　　At all times complained of herein, Plaintiff resided in Chicago, Cook County and State of Illinois.

2.　　At all times complained of herein, Defendant was a foreign corporation permitted to do business in the State of Illinois and County of Cook.

3.　　On or about September 21, 2018, Defendant owned, possessed, operated, managed, maintained and controlled certain property, premises and specifically a parking lot in the City of Melrose Park, County of Cook and State of Illinois.

4.　　In particular, Defendant owned, possessed, managed, maintained and controlled a certain parking lot ("parking lot") located at 8400 WEST NORTH AVENUE, MELROSE PARK, IL.

5.　　At all times complained of herein, Defendant invited the public, including Plaintiff, to park their motor vehicles in the parking lot and allow and permit the public to thereafter walk to and from their parked motor vehicle to its premises and property.

6.　　That prior to the above date, Defendant, by and through its duly authorized officers, employees, agents and representatives, controlled, managed and maintained the parking lot in the aforesaid city, county and state.

7.　　That prior to the above date, Defendant, by and through its duly authorized officers, employees, agents and representatives were present on the parking lot, picking up garbage, observing the vehicles parked there, inspecting the parking lot, cleaning the parking lot and further controlling, maintaining and repairing the walkways, the parking lot and the premises owned and controlled by Defendant.

8.　　That as a result of Defendant's presence, its inspection of the parking lot and its premises, its maintenance workers and crews traveling on and near the parking lot, Defendant, knew, or in the exercise of ordinary care, should have known that the parking lot was in a dangerous and defective condition.

9.　　In particular, Defendant knew or should have known that there was a hole in the parking lot and that hole was a hazard.

FILED DATE: 9/17/2020 2:35 PM   2020L009971

10.     That prior to the aforesaid date, Defendant, knew, or in the exercise of ordinary care, should have known that pedestrians walking along and upon said parking lot would not have their attention directed toward a hole in the parking lot, and that said hole was thereat and therein a hazard to pedestrians lawfully walking thereon.

11.     That on the aforesaid date and place, Plaintiff was lawfully walking along and upon the parking lot.

12.     At all times complained of herein, Plaintiff was in the exercise of due care and caution for her own safety and for the safety of others.

13.     At all times complained of herein, while Plaintiff was walking along and upon the Parking lot, she was caused to trip and fall due to the hole in the parking lot.

14.     At all times complained of herein, the hole in the parking lot is a condition that existed prior to all times complained of herein for a sufficient period of time so as to have been discovered by Defendant had Defendant exercised due care in the ownership, possession, control, management and maintenance of its property.

15.     At all times complained of herein, Defendant had a duty to exercise ordinary care and caution in the ownership, possession, control, management and maintenance of its property, including the parking lot described and identified herein.

16.     Notwithstanding its duty as aforesaid, Defendant was then and there guilty of one or more of the following negligent acts or omissions to act:

a.     Negligently failed to properly inspect the parking lot;

b.     Negligently owned, operated, managed, maintained, and controlled its premises;

c.     Negligently failed to provide a warning of the hole in the parking lot which constituted a dangerous and defective condition on said premises - so as to avoid exposing pedestrians to a hazard

d.     Negligently failed to cure and repair said hole so as to avoid exposing pedestrians to a hazard;

e.     Negligently failed to examine and supervise its premises when it knew or in the exercise of ordinary care should have known that the premises were dangerous and defective;

f.     Negligently failed to guard against exposing pedestrians lawfully present of the hole in the parking lot; and

FILED DATE: 9/17/2020 2:35 PM    2020L009971

g.      was otherwise negligent in its ownership, control, maintenance and management of the parking lot described and identified herein.

17.    That as a direct and proximate result of one or more of the aforementioned negligent acts or omissions on the part of Defendant, Plaintiff tripped and fell due to the hole in the parking lot.

18.    That as a further direct and proximate result of one or more of the aforementioned negligent acts or omissions on the part of Defendant, Plaintiff was permanently injured, sustained pain and suffering, both past and future, lost wages and other diminution in value of services, loss a normal life, both past and future, all resulting in economic and non-economic damages to Plaintiff.

WHEREFORE, Plaintiff, SOULA LIARAKOS, by her attorneys, hereby demands judgment in her favor and against Defendant, COSTCO WHOLESALE, INC., a foreign corp., in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus the costs of bringing this action.

*://Guy D. Geleerd, Jr.*
Guy Delson Geleerd, Jr.
For Plaintiff
GUY DELSON GELEERD, JR. TRIAL LAWYER LLC
*Attorneys at Law*
622 Laurel Avenue
Highland Park IL 60035
Tel. 312-259-9785
Email guy.geleerd@gmail.com